No. 17824—The State, ex rel The Hunt & Dorman Manufacturing Co. v. the Industrial Commission of Ohio.

**WORKMEN'S COMPENSATION—(1) Assignment of by Workman to employer, while claim is pending, allowable, when—(2) Notice of and to commission, and payment thereafter to the workman, does not prejudice assignee's claim.**

WANAMAKER, J.

1. Where an injured workman makes application for compensation to the Industrial Commission under the workmen's compensation law, and in good faith executes an assignment to his employer in consideration of his employer advancing him moneys to afford him immediate and necessary relief while such claim is pending before the commission, such assignment, to the extent of the actual money advanced, is not prohibited by law.

2. When such assignment is duly forwarded to and received by the industrial commission four days before allowance of the claim, such receipt by the industrial commission will be held to be a notice to the commission of such assignment, and the payment to the injured workman thereafter will not in any wise prejudice the assignee's claim under the assignment.

Writ allowed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

No. 17750—The Wellston Iron Furnace Co. v. Harvey Rinehart. Error to the Court of Appeals of Franklin county.

**STATUTES—(1) All are remedial in their nature— Liberal construction of—(2) Survival of causes of action, after death of injured person.**

WANAMAKER, J.

1. All statutes relating to procedure are remedial in their nature and should be liberally construed and applied to effect their respective purposes.

2. A cause of action for personal injury survives the death of the injured party, and all the rights, privileges, incidents and options which the injured party may have had in his life-time insure to the benefit of his personal representatives or next of kin, respectively, unless the statutes clearly provide otherwise.

Judgment affirmed.

Marshall, C. J., Robinson, Matthias, Day and Allen, JJ., concur.

---

No. 17837—The State, ex rel George S. Hawke, v. Robert A. Le Blond, Presiding Judge, etc. In Mandamus.

**COMMON PLEAS COURTS—(1) Sessions of, in counties having two or more judges—Number of judges who shall preside—(2) Jurisdiction of in disbarment, same as in other cases—(3) Judgment of suspension not void because period of is not definitely fixed therein—(4) Such judgment not open to collateral attack.**

MARSHALL, C. J.

1. In any county in Ohio where more than one judge of the Court of Common Pleas holds office the Court of Common Pleas of such county may be constituted by one or more of the Common Pleas judges holding office in that county, and the judges so holding office have unlimited discretion to determine the number of judges who shall preside over and session of such court.

2. A proceeding to suspend or remove an attorney-at-law under authority of Section 1707 GC, and upon the grounds therein provided in the Court of Common Pleas of any county, through a special statutory proceeding, may be heard by such court constituted as in other cases.

3. Where, in such a proceeding, the court enters a judgment that the attorney be "suspended from his said office as attorney-at-law in all the courts of the state of Ohio until such time as he shall be reinstated in accordance with law," such judgment is not null and void on the ground that the period of suspension is not definitely fixed. In such case the judgment is in form a suspension, but in substance a removal, and therefore within the power and authority of the court to enter.

4. Where the court has jurisdiction of the parties and the subject-matter, and its judgment is not null and void by reason of being beyond the power and authority of the court to enter, such judgment is not open to collateral attack in an independent proceeding.

Writ denied.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

(Continued      Page 451)

1. The pendency in a federal court of an action in personam is not ground for abating a subsequent action in a state court or vice versa, each court being at liberty to proceed to final judgment, such judgment first rendered being binding on both parties; but where the action is one in rem, that court, whether state or federal, which first acquires jurisdiction over the res has exclusive authority to control and dispose of it.

2. As a suit to quiet title is an action in rem, the state court acquires exclusive jurisdiction and during its pendency the federal court has no jurisdiction to entertain a suit to foreclose a mortgage on the same land.

3. In a suit in Ohio to quiet title as against a mortgage the state court has jurisdiction in the same case to subject the land to payment of the mortgage, if found valid by foreclosure and sale.

Attorneys—Smith W. Bennett, for Dennison Brick & Tile Co. et al; Brooklyn Bridge, for Chicago Trust Co. et al.